# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DAVID L. TAFT, JR., <br><br> Petitioner, <br><br> vs. <br><br> STATE OF IOWA, <br><br> Respondent. | No. C05-0192-LRR <br><br> INITIAL REVIEW ORDER |

This matter is before the court on the petitioner's application for a writ of habeas corpus, application to proceed in forma pauperis and application for appointment of counsel. The petitioner filed each application on December 12, 2005.

The petitioner has submitted an application that meets the requirements of 28 U.S.C. § 1915(a).[1] Accordingly, in forma pauperis status is granted. The Clerk of Court is directed to file the application for a writ of habeas corpus without the prepayment of fees and costs. Rule 3(a), Rules Governing Section 2254 Cases; 28 U.S.C. § 1915.

---

[1] The petitioner is a patient at the Civil Commitment Unit for Sexual Offenders in Cherokee, Iowa. A patient is not a prisoner within the meaning of the Prison Litigation Reform Act ("PLRA"). *See Kolocotronis v. Morgan*, 247 F.3d 726 (8th Cir. 2001) (concluding a mental patient is not a prisoner within the meaning of the PLRA and, therefore, is not subject to inmate-accounting procedures or three strikes rule); *Page v. Torrey*, 201 F.3d 1136 (9th Cir. 2000) (finding petitioner who was civilly committed under California's Sexually Violent Predators Act was not "prisoner" subject to PLRA's financial reporting and exhaustion requirements). Nonetheless, it is appropriate for the court to review the petitioner's application under 28 U.S.C. § 1915(a)(1) because this subsection has been applied by courts in their review of applications of non-prisoners as well as prisoners.

The petitioner brings this action under 28 U.S.C. § 2254 to challenge the legality of his civil commitment. In the Iowa District Court In and For Linn County, the petitioner was found to be a sexually violent predator and subject to commitment under Iowa Code § 229A. *See In re Detention of Taft*, 2005 Iowa App. LEXIS 1517 (Iowa Ct. App. 2005); *In re Taft*, CVCV050833 (Linn County Dist. Ct. 2005).[2] *See also State v. Taft*, 506 N.W.2d 757 (Iowa 1993).

The Clerk of Court is directed to send a copy of the application for a writ of habeas corpus by certified mail to the respondent and the Iowa Attorney General in accordance with Rule 4, Rules Governing Section 2254 Cases. The respondent is directed to file an answer to the application for a writ of habeas corpus in accordance with Rule 5, Rules Governing Section 2254 Cases, by no later than March 20, 2006.

With respect to the application for appointment of counsel, the court does not believe the appointment of counsel is warranted because the petitioner's arguments appear to be unexhausted, *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion), or wholly without merit, *see Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating indigent litigants enjoy neither a statutory nor a constitutional right to have counsel appointed in a civil case); *In re Detention of Garren*, 620 N.W.2d 275, 283-84 (Iowa 2000) (concluding commitment proceedings under Iowa Code § 229A are civil in nature, and, consequently, protections of ex post facto clause and double jeopardy clause do not apply). Accordingly, the petitioner's application for appointment of counsel is denied.

---

[2] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

2

**IT IS SO ORDERED.**

**DATED** this  18th  day of  Jan  , 2006.

*[signature]*
John A. Jarvey
Chief Magistrate Judge
UNITED STATES DISTRICT COURT